IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00541-GPG

TOBY CARL McADAM,

    Plaintiff,

v.

SOLICITER GENERAL OF THE UNITED STATES,
THOMAS HALE, Director, United States Bureau of Prisons,
DEBORAH DENHAM, Warden, FCI, Englewood, and
U.S. BUREAU OF PRISONS,

    Defendants.

---

ORDER TO FILE AN AMENDED COMPLAINT

---

On March 4, 2016, Plaintiff Toby Carl McAdam filed a Prisoner Complaint pursuant to 28 U.S.C. § 1331, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, the Federal Tort Claims Act (FTCA), and the Federal Labor Standards Act (FLSA), and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed pursuant to § 1915.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Plaintiff will be directed to file an amended complaint for the reasons stated below.

Each claim must identify a named defendant that personally participated in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show in each identified

claim how a named individual was responsible for the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without

any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Furthermore, the Tenth Circuit has held that "inmates working in a prison are not 'employees' covered by the FLSA." *Adams v. Neubauer*, 195 F. App'x 711, 713 (10th Cir. 2006). Also, Plaintiff does not have a federal constitutional right, *per se*, to prison employment. *See Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir. 1996); *see also Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Finally, the Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224. Plaintiff can demonstrate the existence of a constitutionally protected liberty interest only if the conditions of his confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life. *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012). Accordingly, it is

ORDERED that Plaintiff file within thirty days from the date of this Order an Amended Complaint that complies with the above directives.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.   It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order the Court will dismiss this action without further notice.

DATED March 24, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge